MORRIS FISHEL, plaintiff in error, *vs.* LOCKARD & IRELAND, defendants in error.

1. Where the question at issue was whether a sale by an insolvent was made to defraud creditors, the fact that rumors of his insolvency were prevalent after the date of such sale, was inadmissible.

Fishel *vs.* Ireland.

2. Where one ground of attack upon such sale was its secrecy, it was competent to prove by a witness who entered the vendor's store on the day of the sale, the vendor and vendee both being present, that from the appearance of the goods and the parties, he thought some kind of sale was about to be consummated, and asked a clerk in reference to it, who smiled and replied that they were selling out, or had sold out, giving no very definite answer.

3. It is error to charge upon a point in reference to which there is no testimony.

4. The charge that if a witness swears wilfully and knowingly false, even to a *collateral* fact, his testimony ought to be rejected entirely, unless it be so corroborated by circumstances or other unimpeached evidence, as to be *irresistible*, in view of the evidence act of 1866, was error.

5. An unusual degree of secrecy in a sale by an insolvent is a badge of fraud. Whether such secrecy existed is a question of fact for the jury.

6. If a person buy from an insolvent, knowing that the sale was made for the purpose of defrauding his creditors, the transaction would be void. *Aliter*, in the absence of such knowledge.

Debtor and creditor. Insolvent. Evidence. Charge of Court. Witness. Sales. Fraud. Before Judge BUCHANAN. Floyd Superior Court. January Term, 1874.

For the facts of this case, see the decision.

DABNEY & FOUCHE; D. S. PRINTUP; C. ROWELL; R. R. HARRIS, for plaintiff in error.

DUNLAP SCOTT; R. D. HARVEY; C. A. THORNWELL, for defendants.

WARNER, Chief Justice.

It appears from the record in this case, that on the 25th day of November, 1865, Lask, a merchant doing business in Rome, Georgia, sold his entire stock of goods to Fishel. On the 5th day of December, 1865, Lockard & Ireland, creditors of Lask, attached the goods as the property of Lask, which were claimed by Fishel. On the trial of the claim, the jury, under the charge of the court, found the goods subject to the attachment. A motion was made for a new trial on the several grounds set forth therein, which was overruled by the

court, and the claimant excepted.  The errors of law com-
plained of in the motion, were : First, that the court erred in
admitting Bruner, a witness for the plaintiff, to testify "that
the rumor was current in Nashville, Tennessee, that Lask had
failed about the 1st of December, 1865;" second, because the
court refused to allow the answer of Hutchins, a witness for
claimant, to show that the sale of the goods was open and not
secret, that he was in the store one morning, and from the ap-
pearance of the goods, thought some kind of sale was going
on, and made a remark to Ward, a clerk in the store, about
selling.  "Ward smiled and replied that they were selling
out, or had sold out, but without giving any definite answer
in any way."  What Ward said at the time was the only part
of Hutching's testimony ruled out.  Third, because the court
erred in charging the jury, " If a witness swear wilfully and
knowingly false, even to a collateral fact, his testimony ought
to be rejected entirely, unless it be so corroborated by circum-
stances, or other unimpeached evidence as to be irresistible."
Fourth, because the court erred in charging the jury that "pos-
session of personal property by the seller after an absolute sale,
is a badge of fraud; it is susceptible, however, of explanation;
if not explained, it becomes conclusive."  Fifth, because the
court erred in charging the jury that "an unusual degree of
secrecy observed between the parties in the making of the sale,
is a badge of fraud.  It is for you to determine from the evi-
dence whether an unusual degree of secrecy existed, or did not
exist, in the making of the sale set up in this case." · Sixth, be-
cause the court erred in charging the jury, "if the claimant,
Fishel, bought the goods from Lask, knowing at the time of
the purchase and sale that Lask was selling the goods to him,
Fishel, for the purpose and with the intent to defraud his
creditors, then the sale would be fraudulent on the part of
Lask and Fishel, and void as against the creditors of Lask,
even if a full and fair price was paid for the goods.  If the
defendant, Lask, sold his goods to the claimant, Fishel, with
the intention to delay or defraud his creditors, and Lask's in-
tention to delay or defraud his creditors, was not known to

the claimant, Fishel, but if the purchase by Fishel was made in good faith, for a valuable consideration and without notice of Lask's intention to delay or defraud his creditors, and with-out grounds of reasonable suspicion of such intention, the pur-chase by Fishel would be valid, and the property ought to be found not subject to the attachment."

1. In our judgment, the court erred in allowing the wit-ness, Bruner, to testify as to the rumor in Nashville that Lask had failed about the 1st of December, 1865, as it was subse-quent to the date of the sale of the goods. The sale of the goods took place at Rome, Georgia, on the 25th of November, 1865.

2. The court also erred in ruling out the evidence of Hutch-ins in relation to what Ward, the clerk in the store, told him in relation to the sale of the goods, for the purpose of rebut-ting the evidence of the plaintiff's, that the sale of the goods was secretly made. Hutchins stepped into the store one morning just after breakfast, found Lask, Fishel and Ward there. From the appearance of the goods and the parties, he thought some kind of sale was going on, and made some re-mark to Ward about selling. Ward smiled, and replied that they·were selling out, or had sold out, but without giving any definite answer in any way. Witness did not think proper to ask any questions, and retired. The goods and the parties presented the appearance of invoicing. He inferred that Lask had sold, or was selling to Fishel. The declaration of Ward, in connection with the act of the sale of ·the goods, Lask and· Fishel being present, was admissible as a part of the *res gestœ*, said when the parties were actually engaged in the transac-tion, according to the testimony of the .witness: Code, 3773.

3. The charge of the court, in relation to the possession of personal property of the seller after an absolute sale being a badge of fraud, was error, in view of the facts disclosed by the record. There is no evidence that Lask, the seller, re-mained in possession of the goods after the sale, or exercised any control over them, but on the contrary, the evidence is, that the sale was made on Saturday, and that Lask left Rome

next day, and never came back there. There is no affirmative evidence in the record to have authorized this charge of the court to the jury.

4. The court charged the jury, in the words of the head-note to the case of *Ivey vs. The State*, 23 *Georgia Reports*, 576, that if a witness swears wilfully and knowingly false, even to a *collateral* fact, his testimony ought to be rejected entirely, unless it be so corroborated by circumstances or other unimpeached evidence, as to be *irresistible.* On examining the judgment of the court in that case, it does not seem to sustain the abstract principle asserted in the head-note, without qualification, and in our judgment, the rule as stated in the head-note in that case, is not the true rule, especially in view of our evidence act of 1866. It is much broader than the rule stated by this court, in *Day & Company, vs. Crawford*, 13 *Georgia Reports*, 508, which is, that, "if a witness swear wilfully false upon any one *material* point, the jury are at liberty to disregard his testimony altogether, unless corroborated by circumstances, or other unimpeachable evidence." See also ninth head-note, and judgment of the court, in *McLean vs. Clark*, 47 *Georgia Reports*, 25. The practical effect of the charge of the court in this case was, that if the jury believed that the witness had sworn wilfully and knowingly false even to a *collateral* fact, they ought not to believe him, or judge of his credibility as to *material* facts to which he testified, unless he was corroborated by circumstances or other unimpeached evidence which is *irresistible.* Under our evidence act, the court could not have rejected the witness as incompetent to testify, and when he did testify, what authority had the court, under the provisions of that act, to tell the jury they ought not to believe him as to the *material* facts of the case, because he had sworn wilfully and knowingly false, as to some *collateral* fact, unless he was corroborated by circumstances or other unimpeached evidence which was *irresistible?* We think the court stated the rule too broadly in its charge, in view of the facts of the case.

5, 6. We find no error in the fifth and sixth grounds, here-

inbefore specified and set forth, in relation to the charge of the court, in view of the facts contained in the record, We grant a new trial in this case on the first, second, and fourth grounds, as specified and set forth in this opinion.

Let the judgment of the court below be reversed.